UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-0259(1) (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| EDWIN PEREZ, a/k/a DonEzo, a/k/a Primo Ezo | |
| Defendant. | |

Andrew R. Winter, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Ian S. Birrell and Andrew S. Birrell, BIRRELL LAW FIRM LLC, for defendant.

Defendant Edwin Perez is charged with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine. ECF No. 1 at 1-2. Following a hearing, United States Magistrate Judge Hildy Bowbeer granted the government's motion for detention and ordered Perez detained pending trial. Judge Bowbeer issued a written detention order on October 16, 2019.

This matter is before the Court on Perez's objection to the detention order under Local Rule 72.2. The Court construes Perez's objection as a motion for revocation or amendment of a detention order pursuant to 18 U.S.C. § 3145(b). The Court has conducted a de novo review. *See United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir.

1985) (en banc).  For the reasons that follow, Perez's motion is denied, and Perez is ordered to be detained pending trial.

Under 18 U.S.C. § 3142(e), a court may order that a defendant be detained pending trial only if the government either (1) proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance or (2) proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). Whether sufficient conditions exist depends on the factors listed in § 3142(g), including the nature of the crime and the history of the defendant.  *Id.*

When there is probable cause to believe that a defendant has committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3).  In this case, a grand jury indicted Perez on a qualifying charge carrying a maximum term of life (and, in fact, a mandatory *minimum* term of ten years' imprisonment), *see* 21 U.S.C. § 841(b)(1)(A), so the rebuttable presumption in favor of detention applies.  Perez bears "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming

forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (citations omitted). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

To rebut the presumption that he is a danger to the community, Perez notes that he has never been charged with a violent offense and that he did not resist arrest in this case. ECF No. 38 at 4. And to rebut the presumption that he is a flight risk, Perez points out that he has made court appearances in connection with previous state-court prosecutions (albeit for far less serious crimes) and asks the Court to infer from his state-court appearances that he is also likely to appear in this case. Perez further argues that his inculpatory, post-*Miranda* statements demonstrate a willingness to "address the charges before him head-on" and a likelihood that he will appear in court to do so. *Id.* at 6.

Even assuming that Perez has introduced sufficient evidence to satisfy his "limited burden of production," the Court finds that pretrial detention is warranted in this case because no condition or combination of conditions will reasonably assure that Perez will appear in court or that Perez will not endanger the community. The Court will address each factor in turn:

*A. Risk of Non-Appearance*

The Court finds that the government has shown, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Perez's appearance at trial.

First, Perez has a history of violating court orders. At the time of his arrest, Perez was serving multiple terms of probation for state offenses. ECF No. 29 at 2-3. At the detention hearing before Judge Bowbeer, defense counsel acknowledged that a standard condition of state probation prohibits individuals from possessing firearms. ECF No. 36 at 22. It is undisputed that Perez was in possession of six firearms at the time of his arrest. ECF No. 29 at 3. In essence, Perez committed six separate (and serious) violations of a court order that he not possess a firearm. Those violations inspire little confidence that Perez will comply with conditions of pretrial release in the present case.

Second, Perez is charged with a serious crime, and the evidence against him is substantial. Perez has admitted that he was involved in orchestrating the delivery of a huge quantity of methamphetamine—more than fifty pounds—that was seized by law enforcement in March of 2019.[1] ECF No. 36 at 7. Aside from Perez's confession, the

---

[1]Perez argues that this admission, as well as other inculpatory statements regarding his involvement in methamphetamine trafficking, show that he is not a flight risk because they demonstrate his willingness to "address the charges before him
(continued...)

government has independent evidence tying the methamphetamine to Perez. *Id.* If convicted, Perez will likely receive a long prison sentence, giving him far more incentive to flee than he experienced with respect to his state-court prosecutions.

Finally, although Perez urges the Court to take into account his family's willingness to provide him with housing, employment, and supervision, the evidence regarding the support of Perez's family is conflicting. Perez asserts that he is close to his family, and the record reflects a substantial showing of support at Perez's detention hearing. ECF No. 36 at 23. But when Perez's brother was interviewed by Pretrial Services, he said that he did not know where Perez had been living or working for the past several years, and he indicated that Perez's mother had expressed concern that Perez may not appear in court or remain law abiding. ECF No. 29 at 1. And whatever Perez's relationship with his family, that relationship did not prevent him from committing a serious federal crime, multiple state crimes, and multiple violations of the terms of his probation.

---

[1](...continued)
head-on." ECF No. 38 at 6. But there is also evidence that Perez lied to probation officers. For example, Perez told Pretrial Services that he was in possession of four firearms [ECF No. 28 at 1], but law-enforcement officers recovered six firearms at the time of his arrest. Perez also told Pretrial Services that the firearms belonged to a friend and that he possessed them only for a day or two to help his friend clean them. *Id.* But Perez's Snapchat account shows that he had possession of at least two of the firearms since 2018. ECF No. 36 at 8-10. In light of these misstatements, the Court is skeptical that Perez is anxious to "address the charges against him head-on."

Given Perez's demonstrated inability to follow court orders, the seriousness of the crime with which he is charged, and the conflicting evidence regarding his family's support, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Perez's appearance at trial.

*B. Safety of the Community*

The Court concludes that the government has introduced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community in the event that Perez is released.[2]

At the time of his arrest, Perez had six guns in his possession. Two of those firearms were semiautomatic pistols, and one was an AK-47 pistol. ECF No. 36 at 9-10. Not only did Perez possess these firearms, he also threatened violent criminal conduct. The Court is particularly troubled by the audio files recovered from Perez's Snapchat account. In one audio file, Perez threatens to rob a female drug dealer. ECF No. 36 at 10-11. In another, he threatens to shoot a man named Ivan in the head, and to frame the murder as a suicide. *Id.* at 10. Perez argues that these threats are just "talk" and urges the Court to discount the audio files. The Court declines to do so. An admitted

---

[2]Perez objects to the written order of detention because it applies a preponderance-of-the-evidence standard to this inquiry, rather than a clear-and-convincing-evidence standard. ECF No. 38 at 1. Perez is correct that the written order misstates the standard, but that does not matter. After conducting a de novo review, this Court finds that there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

drug dealer who possesses an AK-47 and five other firearms despite being on probation and who publicly threatens to rob and kill others poses more than a hypothetical threat to public safety.

The Court also notes that Perez was convicted of two DWIs in the space of five months and was charged with a third DWI in March 2019. ECF No. 29 at 2-3. The frequency of these charges suggests that Perez has a serious substance-abuse problem. This poses a risk of harm to the community separate and apart from Perez's possession of guns and threats of violence. At the detention hearing, defense counsel suggested that a condition of release requiring Perez not to use alcohol and to submit to random breathalyzers would be adequate to ensure the safety of the community. But Perez has demonstrated that he cannot be counted on to comply with court orders.

The Court therefore finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Edwin Perez's motion to revoke or amend the detention order [ECF No. 38] is DENIED.

2. Perez is hereby ordered DETAINED under 18 U.S.C. § 3142(e).

3. Perez is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Perez must be afforded reasonable opportunity to consult privately with his counsel.

5. On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Perez is confined must deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: October 29, 2019

   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge